

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# Calixte v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3250

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Calixte v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3250

MARIO CALIXTE,

Petitioner

v.

ATTORNEY GENERAL of the UNITED STATES,

Respondent

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A75 969 643)
Immigration Judge: Donald V. Ferlise
Transferred pursuant to the REAL ID Act from the
Middle District of Pennsylvania

(Docket No. 03-cv-01685)
Submitted pursuant to Third Circuit LAR 34.1(a)
December 12, 2006

Before: FISHER and CHAGARES, Circuit Judges,
and BUCKWALTER, District Judge.*

(Filed: January 11, 2007)

---

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

CHAGARES, Circuit Judge:

Mario Calixte is subject to a final order of removal, and we have previously denied his petition for review. See Calixte v. Ashcroft, 93 Fed.Appx. 442 (3d Cir. 2004). While that petition was pending, however, Calixte petitioned for a writ of habeas corpus in the Middle District of Pennsylvania. After Congress enacted the REAL ID Act, the District Court converted the case to a petition for review and transferred it to us. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir.2005). Calixte argues that he is now eligible for permanent residency, and he asks us to grant the petition so that an Immigration Judge can consider his application for an adjustment of status. See 8 U.S.C. § 1255(a). We write only for the parties and do not state the facts separately. We read the petition to challenge the denial of Calixte's motion to reopen, and deny it because the Board of Immigration Appeals ("BIA") did not abuse its discretion.

## I.

At the outset, we must address our jurisdiction. The Attorney General argues that Calixte failed to exhaust his remedies, 8 U.S.C. § 1252(d)(1), and that the petition impermissibly challenges the decision to execute a final order of removal, 8 U.S.C. § 1252(g). Both of these arguments presuppose that Calixte "has not challenged the [BIA's] denial of his motion to reopen." See Atty. Gen. Br. at 12.

We agree with the Attorney General that Calixte's brief is not a model of clarity.

2

It contains one paragraph of argument, and it never explicitly mentions the BIA's denial of the motion to reopen. Nonetheless, the brief does contain a veiled reference to the BIA's "refusal to adjudicate" Calixte's application, and the motion to reopen is the only basis in law for this petition. We will therefore construe this second petition as a challenge to the BIA's denial of the motion to reopen. We have jurisdiction to review that determination. See Sevoian v. Ashcroft, 290 F.3d 166, 171 (3d Cir. 2002).

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir.2001). We may grant the petition only if the denial was "arbitrary, irrational, or contrary to law." Caushi v. Attorney General, 436 F.3d 220, 226 (3d Cir. 2006) (internal quotation omitted). The BIA determined that Calixte had failed to demonstrate prima facie eligibility for an adjustment of status. Because Calixte did not have an immigrant visa available to him at the time of the BIA's decision, that determination was not an abuse of discretion. See 8 U.S.C. § 1255(a). Accordingly, we must deny the petition for review.

3